# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

JEFFREY A. WOGENSTAHL,

          Petitioner,         :   Case No. 1:19-cv-403

   - vs -                           District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
   Chillicothe Correctional Institution,

                               :

          Respondent.

# TRANSFER ORDER

This capital habeas corpus case is before the Court on Petitioner's Response (ECF No. 9) to the Court's Order (ECF No. 5) to show cause why this case should not be transferred to the Sixth Circuit Court of Appeals as a second or successive habeas corpus application. The Warden has responded to Petitioner's position (ECF No. 10).

**Pertinent Litigation History**

This is Jeffrey Wogenstahl's third-in-time habeas corpus case. The first, Case No. 1:99-cv-843, ended in judgment on the merits for the Warden. *Wogenstahl v. Mitchell*, 2007 U.S. Dist. LEXIS 67388 (S.D. Ohio Sep. 12, 2007), *aff'd* 668 F.3d 307 (6th Cir. 2012), *cert den. sub nom Wogenstahl v. Robinson*, 568 U.S. 902 (2012).

Wogenstahl's second habeas case was docketed here at 1:17-cv-298. This Court found that

to be a second-or-successive petition. *Wogenstahl v. Jenkins,* 2018 U.S. Dist. LEXIS 50076 (S.D. Ohio Mar. 27, 2018). The Sixth Circuit agreed and gave Wogenstahl permission to proceed under 28 U.S.C. § 2244(b). *In re: Jeffrey Wogenstahl,* 902 F.3d 621 (6th Cir. 2018). After it was returned to this Court, that case was stayed pursuant to *Rhines v. Weber,* 544 U.S. 269 (2005), because the Petition included claims that were unexhausted. On May 30, 2019, Wogenstahl filed a status report in that case in which he identified the Petition in this case as raising claims different from those on which he had received permission to proceed from the circuit court (2017 Case, ECF No. 45, PageID 2236). The Court found this was at least an implicit concession that he had not received circuit court permission to file the Petition in this case (ECF No. 5, PageID 163) and ordered him to show cause why the case should not be transferred under *In re Sims,* 111 F.3d 45 (6th Cir. 1997).

Wogenstahl reports that on October 9, 2015, he moved to reopen his direct appeal to the Supreme Court of Ohio (ECF No. 9, PageID 311). Upon conclusion of those proceedings, that court again affirmed his conviction. *State v. Wogenstahl,* 150 Ohio St. 3d 571 (2017), *cert. den. sub nom. Wogenstahl v. Ohio,* 138 S.Ct. 2576 (2018). On May 28, 2019, Wogenstahl filed the instant Petition.

Wogenstahl contends he needs no permission from the circuit court because the instant Petition is not second-or-successive within the meaning of that term as developed in the case law. In *Magwood v. Patterson*, 561 U.S. 320 (2010), the Supreme Court held where a habeas petition is the first to challenge a new state court judgment, it is not second-or-successive. Wogenstahl notes that he has received a new direct appeal judgment from the Ohio Supreme Court and asserts this is sufficient under *Storey v. Vasbinder,* 657 F.3d 372 (6th Cir. 2011).

The Warden argues *Storey* is distinguishable because in that case the district court had ordered petitioner be granted a new state appeal because his first appeal had been tainted by

ineffective assistance of appellate counsel. Thus the appeal was "a remedial appeal," ordered in a prior petition. Here the Supreme Court of Ohio reopened the direct appeal to consider the question of trial court subject matter jurisdiction and affirmed the existence of that jurisdiction.

# Analysis

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). A federal court is furthermore obliged to note lack of subject matter jurisdiction *sua sponte*. *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009).

A district court lacks jurisdiction to consider a second or successive petition without approval by the circuit court. *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016); *Burton v. Stewart,* 549 U.S. 147 (2007). When the District Court errs in that determination by finding an application is second or successive (a false positive), the practice of the Sixth Circuit has been to find that permission to proceed is unnecessary and to remand the case. *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015), citing *Howard v. United States*, 533 F.3d 472 (6th Cir. 2008); *In re: Cedric E. Powell,* Case No. 16-3356, 2017 U.S. App. LEXIS 1032 (6th Cir. Jan. 6, 2017). However, an error in the other direction, finding a petition is not second or successive when the circuit court later finds it is (a false negative), results in a full adjudication of a case which is later held for naught.

See *Avery v. United States*, 2019 U.S. App. LEXIS 15740, 2019 WL 2273409 (6th Cir. May 28, 2019). In that case the Sixth Circuit expressly authorized this Court to consider a successive § 2255 motion to vacate in 2016 and then, after exhaustive litigation, decided three years later the District Court had no jurisdiction.

However, the district court must decide in the first instance whether a petition or § 2255 motion is second or successive. *In re: Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). When the District Court errs in that determination, the practice of the Sixth Circuit has been to find that permission to proceed is unnecessary and to remand the case. *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015), citing *Howard v. United States*, 533 F.3d 472 (6th Cir. 2008); *In re: Cedric E. Powell*, Case No. 16-3356, 2017 U.S. App. LEXIS 1032 (6th Cir. Jan. 6, 2017).

A habeas petition raising a claim after a conditional writ and new sentencing hearing which could have been raised on the original petition is not barred as a second or successive petition because it challenges a new judgment. *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010). A petitioner in this situation may challenge the earlier conviction embodied in any new judgment without satisfying the second-or-successive requirements. A full resentencing allows a petitioner to "challenge his undisturbed conviction without triggering the 'second or successive' requirements." *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015). *King* was extended to Ohio's reopening of a petitioner's sentence merely to enter post-release control. *In re Stansell*, 828 F.3d 412 (6th Cir. 2016). *King* does "not exclude the possibility that minor amendments to a judgment, such as those that correct clerical or technical errors while leaving a petitioner's conviction and sentence intact, may not create a new judgment." *In re: Javalen Wolfe*, 2018 U.S. App. LEXIS 3206 (6th Cir. Feb. 9, 2018).

The petitioner in *Storey* had filed a habeas petition claiming, *inter alia,* ineffective assistance of appellate counsel for failure to argue the ineffective assistance of trial counsel. 657 F.3d at 376. Accepting that claim, the district court ordered a new direct appeal, but made no disposition of any of Storey's other claims. *Id.* The Michigan Court of Appeals rejected all of Storey's claims. *Id.*

> Storey then returned to federal district court, filing a new habeas petition in 2006. That petition included several claims that were in his 2001 petition, but four that were not. One of the latter claims was that Campbell had been ineffective at trial. **Based on Storey's inclusion of the new claims, however, the district court held in a June 2009 order that Storey's new petition was "second or successive" within the meaning of 28 U.S.C. § 2244(b)**. The district court gave Storey the choice of dropping the new claims or seeking permission from us to file a second or successive petition. *See generally id*. § 2244(b)(3). Storey did neither, and instead filed a motion for reconsideration. The district court granted the motion, reached the merits of Storey's claims, and—in an extensively reasoned opinion—rejected all of them. The court therefore denied his petition, though it did grant a certificate of appealability as to each of his claims.

*Id.* (emphasis supplied). Noting a circuit split on the question, the Sixth Circuit adopted the majority position and "[held] that a petition filed after a remedial appeal, ordered in response to an earlier petition, is not second or successive within the meaning of § 2244(b) – even if it includes claims that could have been included, but were not, in the first petition." *Id.* at 378.

Thus, *Storey* does not stand for the proposition for which Wogenstahl cites it, to wit, that any habeas petition filed after a new state court judgment on appeal restarts the second-or-successive counter. The holding in the case is much narrower than that and Judge Kethledge's opinion does not even include dictum as broad as the asserted proposition.

Although it is not explicit on the face of the opinion, Storey almost certainly received his new direct appeal as a result of the issuance of a conditional writ of habeas corpus; that is the only

way a federal district court could "order" the state courts to grant a new appeal. Without questioning the precedential authority of *Storey*, it should not be extended as Petitioner suggests to a situation where a habeas petitioner receives anything that would count as a judgment in the state court system. To interpret § 2244(b) in that way would potentially deprive it of any impact at all in limiting second or successive habeas petitions. Here's how.

It is a common experience in habeas cases for petitioners to make claims that their judgments of conviction are void for lack of jurisdiction. Ohio follows the rule that lack of subject matter jurisdiction cannot be forfeited and can be raised at any time. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St. 3d 353 (2006). This frequently occasions motions to vacate a conviction years after the direct appeal process has been completed.

Sometimes those claims are successful. For example, the Supreme Court of Ohio has held that a judgment of conviction which does not reflect a mandatory period of post-release control is void, requiring a new judgment of conviction, after which a new habeas petition is not second or successive per *Stansell, supra*.[1]

But suppose an utterly frivolous motion to vacate a judgment of conviction asserting, say, that the judgment is void because the courtroom walls were painted green. Even utterly frivolous motions require a decision which then, under Ohio law, becomes appealable, eventually resulting in a new appellate judgment that the underlying judgment is not void on that basis. Under Wogenstahl's very broad definition of a "new judgment," a state appellate decision rejecting an utterly frivolous subject matter jurisdictional argument would restart the second-or-successive

---

[1] That holding was superseded by statute effective July 11, 2006. Ohio Rev. Code § 2929.191 establishes a procedure for offenders still incarcerated who (1) did not receive notice at the sentencing hearing that they would be subject to post -release control, (2) those who did not receive notice that a violation of post-release control could result in a return to prison, or (3) those whose sentencing entries lacked both of those statutorily mandated notices. For those offenders, after a hearing with notice to the offender, the prosecuting attorney and the DRC, a *nunc pro tunc* entry on the journal containing the notices will correct an original judgment of conviction. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434 (2009).

counter. That certainly is not the holding in *Storey*.

*Magwood, King, and Stansell* are best interpreted as allowing a second-in-time habeas petition when there is a new state court judgment of conviction. That is the judgment on which a warden is holding someone in custody and therefore the judgment under collateral attack in habeas. While the decisions of appellate courts upholding trial court convictions and sentences are also properly called "judgments," allowing a new habeas petition every time the state appellate courts affirm a trial court judgment would be contrary to the purpose for which § 2244(b) was enacted.[2]

By giving an example of an utterly frivolous motion to vacate a judgment, the Magistrate Judge does not in any way intend an adverse reflection on Wogenstahl's jurisdictional claim. That claim was obviously sufficiently colorable to persuade the Supreme Court of Ohio to consider it on the merits.

Based on the foregoing analysis, the Clerk is ordered to TRANSFER this case to the United States Court of Appeals for that court's determination of whether the Petition may proceed in this Court. The effectiveness of this Order is delayed until District Judge Rose can rule on any appeal Petitioner may file from it. Any such appeal must be filed not later than August 13, 2019.

July 30, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[2] *Magwood, Morgan, and Stansell* are already well beyond the plain text of § 2244(b). In those circumstances, an interpreting court should tun next to legislative purpose. In interpreting a statute a court should:

1. Decide what purpose ought to be attributed to the statute and to any subordinate provision of it which may be involved; and then

2. Interpret the words of the statute immediately in question so as to carry out the purpose as best it can, making sure, however, that it does not give the words either (a) a meaning they will not bear, or (b) a meaning which would violate any established policy of clear statement.

Hart and Sacks, THE LEGAL PROCESS (Eskridge & Frickey ed. 1994), p. 1169.