IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

JEFFREY A. WOGENSTAHL,

           Petitioner,      :      Case No. 1:19-cv-403

  - vs -                        District Judge Thomas M. Rose
                                Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
   Chillicothe Correctional Institution,

                               :
            Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON TRANSFER ORDER

This capital habeas corpus case is before the Court on Petitioner's Objections (ECF No. 14) to the Magistrate Judge's Transfer Order (ECF No. 11) ordering that this capital habeas corpus case be transferred to the United States Court of Appeals for the Sixth Circuit as a second or successive habeas corpus application requiring circuit court approval before it can proceed. Respondent has replied to the Objections (ECF No. 16) and District Judge Rose has recommitted the matter for reconsideration in light of the Objections (ECF No. 15).

The Transfer Order found that this was Wogenstahl's third-in-time habeas application. The first, ended in judgment on the merits for the Warden. *Wogenstahl v. Mitchell*, No. 1:99-cv-843, 2007 U.S. Dist. LEXIS 67388 (S.D. Ohio Sep. 12, 2007) (Rose, J.), *aff'd* 668 F.3d 307 (6th Cir. 2012), *cert den. sub nom Wogenstahl v. Robinson*, 568 U.S. 902 (2012). The second-in-time, Case No. 1:17-cv-298, found second or successive but given permission to proceed by the circuit

1

court, is presently pending in this Court but stayed since September 13, 2018, under *Rhines v. Weber*, 544 U.S. 269 (2005), for exhaustion of the claims in the Ohio courts. The Transfer Order held the instant Petition was second or successive because it attacks the same conviction attacked in both prior habeas cases. Wogenstahl had contended that the instant Petition was a "first" Petition because he had received an intervening judgment from the Supreme Court of Ohio, reported at *State v. Wogenstahl,* 150 Ohio St. 3d 571, 2017-Ohio-6873, *cert. den. sub nom. Wogenstahl v. Ohio,* 138 S.Ct. 2576 (2018). The Transfer Order rejected the premise that any new state court appellate judgment which does not disturb the underlying conviction would make a subsequent habeas application "first."

Because the issue involved is a purely legal one, the Magistrate Judge concurs with Petitioner that the District Judge should review the Transfer Order *de novo*, deciding whether it is contrary to law.

The Transfer Order distinguished *Magwood v. Patterson*, 561 U.S. 320 (2010), and *Storey v. Vasbinder*, 657 F.3d 372, 376 (6th Cir. 2011), on which Wogenstahl had relied (ECF No. 11, PageID 329-30). He now adds *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009), for the proposition that a reopened state court appeal renders a conviction nonfinal for purposes of 28 U.S.C. § 2244(d)(1)(A) (Objections, ECF No. 14, PageID 340). But that is the statute of limitations provision of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"), *Jimenez*, 555 U.S. at 116-18, not the second-or-successive provision, which is at § 2244(b). The Transfer Order is not grounded in any finding that the instant Petition is untimely; the Magistrate Judge agrees that "Wogenstahl timely filed his habeas petition within the 1-year statute of limitations as required by 28 U.S.C. §2244(d)(1)(A)" (Objections, ECF No. 14, PageID 343).

Wogenstahl argues this case is not like any of the hypotheticals suggested in the Transfer

Order and emphasizes that the Supreme Court of Ohio found enough colorable merit in his claims to allow reopening of the direct appeal. The Magistrate Judge agrees that Wogenstahl's claims have arguable merit (Objections, ECF No. 14, PageID 344, citing *Wogenstahl*, 2017-Ohio-6873, at ¶¶ 45-47). But the AEDPA does not give District Courts discretion to hear second or successive habeas applications on a finding they have arguable merit. Wogenstahl does not dispute the Transfer Order's conclusion that this Court lacks subject matter jurisdiction to consider a second or successive habeas application without circuit court permission. Nor does he argue with the Magistrate Judge's analysis of the risks to judicial economy from assuming jurisdiction if the circuit court later finds it did not exist. See *Avery v. United States*, 770 F. App'x 741, 743 (6th Cir. 2019).

It is difficult to understand why Wogenstahl's counsel, in common with the death penalty practitioners' bar generally, resists so strongly placing the jurisdictional question before the circuit court. Requests for permission to proceed under 28 U.S.C. § 2244(b) are generally "fast-tracked" by the Sixth Circuit. If this Court is wrong in classifying the Petition as second or successive, the circuit court will promptly say so and remand the case. If this Court is correct in its classification but the case is as strong as Wogenstahl claims, then he will receive permission to proceed, as he did in his second case. In the worst-case scenario from his perspective, the circuit court will agree the Petition is second or successive and deny permission to proceed and we will have that determination before spending years litigating.

Moreover, it is difficult to see any harm to Wogenstahl from the delay involved in transferring. Although his first habeas case is final, his second case is still in the state courts and will come back here when those courts complete their consideration. Wogenstahl does not presently have an execution date and he is a plaintiff in *In re Ohio Execution Protocol Litig.*, Case

No 2:11-cv-1016, the consolidated § 1983 method-of-execution case in which death row inmates have obtained consideration of constitutional claims with appellate review before executions are carried out.

**Conclusion**

Having reconsidered the matter as ordered, the Magistrate Judge recommends Petitioner's Objections be overruled and the Transfer Order be permitted to take effect.

September 20, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).